72 F.3d 138
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Andrew Lenord ROBINSON, Petitioner-Appellant,
v.
Jeff CORRIVEAU, Sheriff; Attorney General for the State of
Colorado, Respondents-Appellees.
 No. 94-4169.
 United States Court of Appeals, Tenth Circuit.
 Dec. 18, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 LOGAN, Circuit Judge.
 
 
 1
 This matter is before the court on petitioner Andrew Lenord Robinson's application for a certificate of probable cause. The right of a petitioner convicted of a state crime to appeal a federal district court's denial of habeas corpus relief is conditioned upon either the district court or this court granting a certificate of probable cause. See 28 U.S.C. 2253.
 
 
 2
 The Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), declared that the "primary means of separating meritorious from frivolous [habeas corpus] appeals should be the decision to grant or withhold a certificate of probable cause." We will not grant such a certificate unless the petitioner makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68 (10th Cir.1994) (citing Barefoot, 463 U.S. at 893 & n. 4).
 
 
 3
 Petitioner filed a petition for a writ of habeas corpus in federal district court under 28 U.S.C. 2254. He argues that he is being held in custody by the State of Colorado after his sentences have fully expired. This is based on his contention that the Colorado prison system has not given him the number of days credit toward his various sentences to which he is entitled. His petition admits that he has been denied relief on the same issue in a post-conviction proceeding before a state district court, and that he has an appeal pending in that case in the state court system in Colorado. There is nothing in the record to indicate that appeal has been decided. The federal district court below, adopting the magistrate judge's recommendation, dismissed the case based on petitioner's failure to exhaust state claims as required by 28 U.S.C. 2254(b) and (c) and Rose v. Lundy, 455 U.S. 509, 515 (1982).
 
 
 4
 The magistrate judge in his Recommendation of March 27, 1995, which was adopted by the district court, correctly analyzed the facts and law. We conclude that petitioner has failed to make the necessary showing to warrant our issuance of a certificate of probable cause. Therefore, we deny his application and DISMISS the appeal.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470